**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFECELL CORPORATION, | Civil Action No.: 15-6701 |
| Plaintiff, | |
| v. | **OPINION** |
| LIFENET HEALTH, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is Plaintiff LifeCell Corporation's ("LifeCell") appeal (ECF No. 42) of Magistrate Judge Mark Falk's Opinion and Order dated February 9, 2016 transferring this case to the Eastern District of Virginia (ECF Nos. 36 and 37). LifeCell makes this appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c). Defendant LifeNet Health ("LifeNet") opposes the appeal. The Court decides the appeal without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' arguments, for the reasons set forth below, the Court will deny LifeCell's appeal and affirm Judge Falk's February 9, 2016 Opinion and Order (ECF Nos. 36 and 37).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following is a brief recitation of the background relevant to the instant appeal. This background is drawn from the pleadings, briefs, declarations, and Judge Falk's Opinion at ECF No. 36. For convenience, this background is presented chronologically.

In September 2013, LifeNet sued LifeCell for infringement of U.S. Patent No. 6,569,200 (the "'200 patent") in the Eastern District of Virginia. *See LifeNet Health v. LifeCell Corp.*, Civ.

A. No. 13-CV-486-HCM-DEM (E.D. Va.) ("*LifeNet I*").[1] That case was before the Honorable Henry C. Morgan, Jr. In the context of the *LifeNet I* litigation, the parties executed a Confidentiality and Non-Disclosure Agreement in Connection with Settlement Discussions (the "Confidentiality Agreement"). Ultimately, the case did not settle and in November 2014 a jury found the '200 patent valid and infringed by LifeCell and awarded LifeNet $35 million in damages. LifeCell has appealed *LifeNet I* to the United States Court of Appeals for the Federal Circuit, where it remains pending.

The patent at issue in this case, U.S. Patent No. 9,125,971 (the "'971 patent"), is part of the same patent family as the '200 patent. The '971 patent, also owned by LifeNet, issued on September 8, 2015. On that same day, LifeCell filed the Complaint in this action, seeking a declaratory judgment that it does not infringe the '971 patent.

On October 21, 2015, LifeNet filed a breach of contract action against LifeCell in the Eastern District of Virginia. *See LifeNet Health v. LifeCell Corp.*, Civ. A. No. 15-CV-461-HCM-DEM (E.D. Va.) ("*LifeNet II*"). In *LifeNet II*, LifeNet alleges that LifeCell breached the Confidentiality Agreement by filing the declaratory judgment Complaint in this New Jersey action. *LifeNet II* is currently pending before Judge Morgan.

On November 30, 2015, LifeNet filed the present motion to dismiss or transfer this case to the Eastern District of Virginia. On February 9, 2016, Magistrate Judge Falk granted the motion to transfer. (ECF Nos. 36, 37.) LifeCell filed this appeal on February 29, 2016.

---

[1] As Judge Falk explained, the use of Roman numerals to refer to prior cases is merely for ease of reference.

2

## II. LEGAL STANDARDS

### A. Appeal of a Magistrate Judge's Decision

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is a non-dispositive motion. *See, e.g., Siemens Fin. Servs., Inc. v. Open Advantage MRI II*, No. 07-1229, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008) (internal citations omitted). A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the district court pursuant to 28 U.S.C. § 636(b)(1)(A). *See Richardson v. Allied Interstate, Inc.*, No. CIV.A.09-2265(FLW), 2010 WL 3404978, at *2 (D.N.J. Aug. 26, 2010). A district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This Court will review a magistrate judge's findings of fact for clear error." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J.1995)). *See also Jazz Pharms., Inc.*, 2013 WL 785067, at *1. Thus, "the magistrate judge is accorded wide discretion." *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009) (internal citations and quotations omitted).

A magistrate judge's finding is clearly erroneous when the reviewing court, after considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citations omitted). A magistrate judge's decision is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J.2008) (citing *Gunter v.*

*Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998)). "The burden of demonstrating clear error rests with the appealing party." *Sensient Colors*, 649 F. Supp. 2d at 315 (citing *Kounelis*, 529 F. Supp. 2d at 518).

### B. Venue Transfer

A federal district court may transfer a case to another district "where it may have been brought,"[2] to serve "the interests of justice," or for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). "There is no definitive formula or list of factors to consider when deciding a motion to transfer." *Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc.*, No. 09-3689, 2010 U.S. Dist. LEXIS 18535, at *5 (D.N.J. Mar. 1, 2010). Furthermore, "a district court has broad discretionary powers under [Section 1404(a)] to transfer any civil action to any other district where it might have been brought." *Superior Oil v. Andrus*, 656 D.2d 33, 42 (3d Cir. 1981). The "analysis is flexible and must be made on the unique facts of each case." *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000).

The Third Circuit has explained that § 1404(a) implicates certain "public" and "private" interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Private interests include: (1) the plaintiff's original forum choice; (2) the defendant's forum preference; (3) where the claim arose; (4) convenience of the parties; (5) availability of witnesses; and (6) the location of books and records. *Id.* Public interests include: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court

---

[2] A case may have been brought in a transferee district if "the transferee district has personal jurisdiction over all of the Defendants and . . . venue would be proper in the transferee district." *Samuels v. Medytox Solutions, Inc.*, No. 13-7212, 2014 U.S. Dist. LEXIS 125525, at *16-17 (D.N.J. Sept. 8, 2014). There does not appear to be a dispute that this case may have been brought in the Eastern District of Virginia.

congestion; (4) local interest in deciding the controversy; (5) the public policies of each forum; and (6) familiarity with state law in diversity cases. *Id.*

## III. DISCUSSION

### A. Judge Falk's decision was not clearly erroneous or contrary to law.

LifeCell alleges Judge Falk improperly analyzed and weighed the factors relevant to transfer. However, LifeCell's appeal merely requests this Court apply the factors and arrive at a different conclusion from Judge Falk. On an appeal of a magistrate judge's decision, the district court should only disrupt the magistrate judge's decision on a finding that it was clearly erroneous or contrary to law. *Goodyear Tire & Rubber*, 191 F.R.D. at 68 ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." (citations omitted)).

Judge Falk analyzed the public and private factors weighing for and against transferring this case to the Eastern District of Virginia. After weighing the factors, he concluded this case should be transferred to the Eastern District of Virginia. Judge Falk's discretionary determination was not clearly erroneous or contrary to the law governing venue transfer.

#### 1. Compulsory process over non-party witnesses

Judge Falk found "LifeNet has demonstrated that Virginia is clearly the more convenient and appropriate forum with respect to [compulsory process over non-party witnesses]." (ECF No. 36 at 10-11.) As Judge Falk noted, this factor has been called the *"single most important factor* in a Section 1404 analysis." (*Id.* (citing *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 333 (D. Del. 2009)).)

The inventors of the '971 patent are undisputedly important non-party witnesses in this case that are outside of this Court's control but within the subpoena power of the Eastern District

of Virginia. Judge Falk explicitly acknowledged these witnesses had participated in *LifeNet I* by videotaped deposition, but found "[a]bsent a transfer to the Eastern District of Virginia, this Court may be forcing a case to proceed to trial without two of the most important witnesses in the case." (*Id.* at 12.) He, therefore, concluded "[t]he availability of compulsory process for the inventors of the '971 patent overwhelmingly weighs in favor of transfer to the Eastern District of Virginia." Notwithstanding LifeCell's argument that Judge Falk should have given less weight to the non-party inventors in Virginia and more weight to its own non-party former employees in New Jersey, Judge Falk's conclusion was not clearly erroneous or contrary to law.

### 2. LifeCell's choice of forum

LifeCell argues Judge Falk improperly gave LifeCell's choice of forum "no weight" because he characterized this lawsuit as "anticipatory." (ECF No. 42-1 at 5.) However, Judge Falk did acknowledge that LifeCell's choice of forum is entitled to consideration. (ECF No. 36 at 8.) He explicitly stated he was "not in a position to conclusively determine LifeCell's motivations" and "it might seem that LifeCell selected an appropriate forum" based on its connections to New Jersey. (*Id.* at 7-8.) Judge Falk also stated "there is no suggestion that LifeCell did anything wrong and no such inference is drawn." (*Id.*)

Ultimately, given all of the circumstances (including the fact that LifeCell filed the declaratory judgment action the same day the '971 patent issued), Judge Falk considered whether this case was anticipatory and gave LifeCell's choice of forum "very minimal deference." (*Id.* at 10.) That conclusion was within his discretion and was not clearly erroneous or contrary to law.

### 3. Practical considerations that would make the trial more expeditious

LifeCell argues Judge Falk erroneously assigned substantial weight to the second filed Eastern District of Virginia breach of contract action pending between the parties (*LifeNet II*) and

to Judge Morgan's prior experience with a different related patent in *LifeNet I*. (ECF No. 42-1 at 13-18.) Specifically, LifeCell asserts the issues in this patent infringement case are different from the issues in *LifeNet I* and *LifeNet II*. LifeCell also contends Judge Falk's decision improperly allows the patent holder's choice of forum for the first litigation over a patent to control all subsequent litigation over any patent in the same family. (*Id.*)

LifeCell mischaracterizes Judge Falk's opinion, which explicitly acknowledged each of the concerns above. (ECF No. 36 at 12-13.) Judge Falk nevertheless found "it is impossible to ignore that *LifeNet II* is pending with the same parties before the same District Judge in Virginia that presided over *LifeNet I*, and that those cases have some practical overlap with the present case." (*Id.* at 12.) Judge Falk was explicit that "transfer is not being granted merely on account of the pending *LifeNet II* litigation." (*Id.* at 13 n.7.)

Whether or not the issues in this litigation will be exactly the same as *LifeNet I* or *LifeNet II*, it is clear that the District Court in Virginia has an understanding of the relevant technology that will make the entire litigation more expeditious.[3] The District Court in Virginia also has a familiarity with the parties that will likely result in a streamlined litigation process. Under these circumstances, this Court agrees with Judge Falk that "[i]t certainly seems beneficial to have all litigation between the parties occur in a single forum before a single judge," and that "these are ancillary facts supporting a transfer and not the driving force behind the decision." (*Id.*)

---

[3] For example, LifeCell urges the litigation over the '200 patent "presented very different claim construction, infringement, and invalidity issues from the issues presented in this case by the '971 patent." (ECF No. 18.) While that may be true, it puts the cart before the horse. More fundamentally, Judge Morgan has a familiarity with the technology—namely, plasticized soft-tissue grafts—that this Court does not have.

7

### 4. Other factors

LifeCell argues Judge Falk failed to fully analyze all of the *Jumara* factors that weigh against transfer. (ECF No. 42-1 at 8.) However, Judge Falk conducted a full examination and there is no requirement every *Jumara* factor be considered. *See Landmark*, 2010 U.S. Dist. LEXIS 18535, at *5 ("There is no definitive formula or list of factors to consider when deciding a motion to transfer."). Moreover, to the extent any particular factor is not emphasized in Judge Falk's opinion, it does not demonstrate that his decision was clearly erroneous or contrary to law. *See, e.g, Siemens Servs., Inc. v. Patel*, No. 09-5079, 2010 U.S. Dist. LEXIS 79574, at *15 (D.N.J. Aug. 5, 2010) ("The fact that [the court] did not explicitly address such matters in [its] decision does not mean that [it] did not consider such arguments in rendering [its] decision."). The weight Judge Falk gave to each factor was within his discretion and should not be disturbed. *Goodyear Tire & Rubber*, 191 F.R.D. at 68 (noting that because "the Magistrate Judge's determination is entitled to great deference, [the] Court must be satisfied that the [Magistrate Judge's] Order is clearly erroneous or contrary to law").

## IV. CONCLUSION

This Court concludes that Magistrate Judge Falk's decision was not clearly erroneous or contrary to law. Judge Falk's February 9, 2016 Order is affirmed.

DATED: June 28, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.